RANNOW *v.* HAZARD *et al.*

*(Superior Court of New York City, General Term.  July 5, 1892.)*

Appeal from special term.

Action by Rudolph Rannow against Edward C. Hazard and another.  From an order denying a motion to vacate an order declaring a case on appeal abandoned, plaintiff appeals.

Argued before FREEDMAN, DUGRO, and GILDERSLEEVE, JJ.

*Waldorf H. Phillips,* for appellant.  *Hugh Porter,* for respondents.

FREEDMAN, J.  Plaintiff's motion was to vacate the order declaring the appeal abandoned.  There was no such order.  The order of April 30, 1892, declared the case on appeal abandoned, which left the plaintiff free to prosecute his appeal upon the judgment roll.  It was duly made and entered, and has not been appealed from.  Aside from these considerations the plaintiff was bound, upon the motion to vacate the order as entered, to sufficiently excuse his default, but upon this point the affidavits submitted by both parties presented a conflict which was determined in favor of the defendants.  Under all the circumstances disclosed, we cannot say that the plaintiff established the point by a preponderance of evidence.  The order denying the motion to vacate should therefore be affirmed, with $10 costs and disbursements.  All concur.

---

SEGGERMANN, Appellant, *v.* HILLIS PLANTATION COFFEE CO., Respondent.

*(Superior Court of New York City, General Term.  July 5, 1892.)*

Action by Martha G. Seggermann against the Hillis Plantation Coffee Company.  From judgment entered on the report of a referee, plaintiff appeals.

Argued before FREEDMAN, DUGRO, and GILDERSLEEVE, JJ.

*Yellott D. Dechert,* for appellant.  *James Flynn,* for respondent.

FREEDMAN, J.  The facts were determined by the referee upon conflicting testimony. The conflict between the witnesses of the respective parties was quite marked, and the result depended upon the credibility of the witnesses. The referee, in addition to hearing their statements, had the advantage of seeing them and observing the manner in which they gave their testimony. Upon the whole case, as presented, the general term would not be justified in interfering with the decision of the referee on the ground that his findings were made against the weight of the evidence.  Nor is there any merit in the claim that some facts found by him are not supported by evidence. The facts being as found, they support the conclusion of law based thereon, in conformity with which the judgment was entered.  I have also looked at the exceptions taken by the plaintiff to the rulings of the referee at the trial, but none of them present ground for reversal.

The judgment should be affirmed, with costs.

---

VERNAM *et al.,* Appellants, *v.* BAKER, Respondent.

*(Superior Court of New York City, General Term.  July 5, 1892.)*

Action by William S. Vernam and another against Edwin H. Baker. From an order staying the trial of this action, plaintiffs appeal.

Argued before FREEDMAN, DUGRO, and GILDERSLEEVE, JJ.

*Robertson & Harmon,* for appellants.  *Wing, Shoudy & Putnam,* for respondent.

PER CURIAM.  The order should be affirmed, with $10 costs, etc.